Curia, per Dunkin, Ch.
The complainants were the grand-children of Robert Barkley. As the heirs at law of their mother, Mrs. Catherine Beard, they claimed four twenty-sevenths of a tract of land, on the Catawba, on *267 which was a gold mine. The defendants, Robert and J. W. Belle, had purchased the land from James Barkley, who acted under an authority from the heirs of Robert Barkley, the person last seized. The power of attorney was executed by the mother of the complainants, while she was a feme covert; and under a decree heretofore pronounced, the claim of the complainants was sustained, and they were declared entitled, among other things, to an account of the rents and profits.
In taking the account, the commissioner received the testimony of several witnesses, who proved that, in mining-operations, the uniform usage was to allow to the proprietor one-fourth of the gold found, clear of all charge oí expenses in conducting the operations.
One of the witnesses, a practical miner of experience, testified that this was the highest rent he had ever known allowed. There was no diversity in the testimony, and the Commissioner adopted this rule in raising the account, which was confirmed by the Court.
The complainants excepted to the report, and now appeal from the decision of the Chancellor, on the ground that “ the Commissioner should have made an estimate of the actual value of the profits of the mine, and should, have taken testimony as to the expenses, and struck the balance, and especially as the complainants were minors.”
This court is satisfied with the judgment of the Commissioner, approved by the Chancellor. The defendants, (the Belles,) can in no manner be regarded as the trustees of the complainants; on the contrary, they claimed adversely to them; and the complainants are only entitled to the rents and profits, which, as proprietors of the land,
. they would have received from any other person. The witnesses proved what was the rent usually allowed. The mode of ascertaining it, is not peculiar to mining operations. Fisheries and Oyster Banks yield a profit to proprietors on a similar principle.
While the defendants were in possession of the premises, a suit was instituted against them by Matilda Briggs, claiming by title paramount. In the successful defence of this claim, the defendants incurred an expense of one hundred and twenty-five dollars, or thereabout, and insisted *268 that the complainants should contribute their proportion, being about nineteen dollars; which claim was allowed by the Commissioner, and confirmed by the Chancellor.
We have just held, that the defendants could not be regarded as trustees for the complainants. It was not an expense incurred in the protection of a common fund, as in Manigault & Deas, cited in the Circuit decree; and although the amount is small, the court can perceive no principle on which it should be allowed. In this particular, the Commissioner must correct his account, which is, in all other respects, confirmed, and the appeal dismissed.
Harper and Johnson, Chancellors, concurred.